UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:23-cr-00088 |
| v. | ) | |
| | ) | |
| OLEKSII OLEKSIYOVYCH LYTVYNENKO | ) | CHIEF JUDGE CAMPBELL |
| a/k/a ALEXSEY ALEXSEEVICH LITVINENKO | ) | |

GOVERNMENT'S STATUS REPORT

In advance of the June 10, 2026 status conference, the government submits this status report:

1. <u>Discovery and Pretrial Disclosures</u>. The government has made five productions. The most recent production was made on June 5, 2026, and consisted of documents recently obtained by the prosecution team, Bates-labeled USA-3258653- USA_3267962. At the defendant's request, the government also reproduced certain discovery in native format on June 5, 2026. In addition to its Bates-labeled productions, the government has made other voluminous discovery available for review and inspection. It is the government's understanding that the defense has no reciprocal discovery to provide.

2. <u>Stipulations</u>. Since April, the parties have conferred on potential evidentiary and trial stipulations, but do not yet have an agreement as to any.

3. <u>Trial Length</u>. With stipulations, and without including an estimate for any defense case-in-chief, the government estimates that the trial will last two weeks, with at least six out-of-state victims and witnesses. Without stipulations, the government estimates that the trial will last three to four weeks, as additional out-of-state (and potentially foreign) witnesses may be necessary.

4. <u>Pretrial Notices</u>. Pursuant to the operative scheduling order (D.E. #27), the government anticipates noticing at least three expert witnesses on or before July 14, 2026. The government also expects that other fact witnesses will testify about technical, factual matters within their personal experience (e.g., employees of companies which assisted victims in responding to and remediating Conti ransomware attacks). The government also plans to provide notices under Federal Rule of Evidence 404(b)(3)(C) on or before July 14, 2026.

5. <u>Motions in Limine</u>. The government plans to file motions in limine, both to exclude and to conditionally admit evidence. In particular, in the absence of evidentiary stipulations, the government anticipates filing motions in limine asking the Court to hold that certain evidence—particularly that which arguably depends upon the testimony of out-of-state or foreign witnesses—satisfies Federal Rule of Evidence 901(a) and is either non-hearsay or subject to a hearsay exception.

Given the logistics involved in transporting potentially unnecessary out-of-town (or foreign) victims and witnesses, the government anticipates filing such motions in limine—should they be necessary—well in advance of the July 21, 2026 deadline.

6. <u>Pretrial Motions</u>. The government does not anticipate filing other pretrial motions.

///

///

7. <u>Other</u>. The undersigned Assistant United States Attorney begins an overseas detail on June 11, 2026, but will return to the District for pretrial litigation and trial.

BRADEN H. BOUCEK
United States Attorney for the
Middle District of Tennessee

*/s/ Taylor J. Phillips*
Taylor J. Phillips
Assistant United States Attorney
719 Church Street, Ste. 3300
Nashville, Tennessee 37203
615-736-5151
taylor.phillips@usdoj.gov

*/s/ Sonia V. Jimenez*
SONIA V. JIMENEZ
State of Nevada Bar No. 8818
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
U.S. Department of Justice
1301 New York Ave., NW 6th floor
Washington, DC 20530
202-616-2514
sonia.jimenez@usdoj.gov

3